UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    v.                                                       Case No. 23-cr-20438
                                                                 Hon. Matthew F. Leitman

MOHAMED ALI,

        Defendant.
_____/

## UNITED STATES' SENTENCING MEMORANDUM

Defendant Mohamed Ali became the "passenger from hell" nearly three years ago on a flight to Detroit as he assaulted fellow passengers and flight attendants and caused a belligerent disturbance that prevented flight crew members from caring for the safety of everyone else on the flight. Although this is Ali's first felony conviction, given these circumstances, a sentence at the bottom of the guideline range may be appropriate. Consistent with the plea agreement, however, the government does not object to a sentence of probation.

**I.**      **Facts and Procedural History**

In April 2023, law enforcement arrested Ali at Detroit Metro Airport for assaulting fellow passengers and interfering with flight attendants on an inbound flight from New York. PSR ¶ 9. While the plane taxied for takeoff, a heavily intoxicated Ali inappropriately touched a fellow passenger's hair, arm, and breast, and even grabbed the passenger's wrists after being told not. *Id.* ¶ 10. A flight

attendant intervened but Ali bit the flight attendant's hand and then Ali continued to bite the victim's hand multiple times during the flight. *Id.* The flight attendant warned Ali that he would be removed from the flight if he did not calm down; instead of calming down, Ali again grabbed his fellow passenger. *Id.*

After the plane was in the air, Ali continued to disrupt the flight by yelling and striking the occupied seat in front of him. *Id.* ¶ 11. Flight attendants then moved Ali to a different seat, but he continued to flail his limbs and disturb the flight. *Id.* Flight attendants initially and unsuccessfully tried to restrain Ali as he escaped his restraints several times. *Id.* Eventually, flight staff and two passengers had to hold Ali in place for the remainder of the flight with seatbelt extenders and hand and foot restraints, all while Ali continued his violent behavior to try and free himself. *Id.*

Once the plane landed in Detroit, law enforcement removed Ali from the plane. *Id.* ¶ 12. Ali continued his behavior, including shouting expletives at the officers before he was taken to a holding cell. *Id.* Several hours later, Agents spoke with Ali who stated that he did not remember his flight and thought he was still in New York. *Id.* ¶ 13. Ali admitted that he drank $100 worth of wine while he waited for his delayed flight to Detroit and had no memory after his third cup. *Id.* He also claimed that that he did not drink often, but when he does, he "does not act like

2

himself." *Id.* Around 2am, some 4 hours after the plane had landed, Ali registered a .166 blood alcohol content in a breath test. *Id.*

Based on this, in July 2023, the grand jury returned a one-count indictment against Ali for Interference with Flight Crew Members and Attendants, in violation of 49 U.S.C. § 46504. ECF No. 1. Ali made his initial appearance in June 2024 and was released on bond. PSR ¶¶ 3-4. In July 2025, he pleaded guilty to count one pursuant to a Rule 11 agreement. ECF No. 25.

## II.  Sentencing Recommendation

Congress provided in 18 U.S.C. § 3553(a) the relevant objectives and factors to be considered by sentencing courts when determining a "sentence sufficient, but not greater than necessary." Those objectives are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct; and (7) the need for restitution.

The most relevant factors to the defendant's case are discussed below. Based on these factors, a sentence at the bottom of the guidelines would be "sufficient, but not greater than necessary, to comply with the purposes of" sentencing set forth

3

in 18 U.S.C. § 3553(a). *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008). However, as stated in the plea agreement, the government does not object to a sentence of probation.

### A. Sentencing Guidelines Range

The Probation Department calculated the defendant's guideline range as 12 to 18 months based on offense level 13 and criminal history category I. PSR ¶ 58.

### B. Nature and Circumstances of the Offense and History and Characteristics of the Offender

While hurtling hundreds of miles per hour through the air in a confined metal tube, the defendant carried out an alcohol-fueled campaign of belligerent behavior that put his fellow passengers and flight staff at risk. During his flight from New York to Detroit, Ali assaulted a nearby passenger, bit a flight attendant multiple times, and kicked and screamed before flight staff and good Samaritans helped restrain him. Even then, Ali continued to fight his restraints for the rest of the flight. And on the ground in Detroit, Ali had to be removed from the plane while he continued to shout expletives at law enforcement officers.

Nevertheless, in considering the defendant's history and characteristics, this offense appears to be an outlier for his personal circumstances. Ali has no criminal history, has had gainful employment, and has family relationships in the U.S. and overseas. PSR ¶¶ 35-41, 52-55. He reported some mental and physical health issues, and some substance abuse history, which he appears to have addressed. *Id.* ¶¶ 43-

4

48. Ali reported fairly regular alcohol use in the timeframe of his conviction and blames alcohol for his offense. *Id.* ¶ 46. But if anything, Ali's alcohol-fueled conduct is an aggravating factor, not a mitigating one. Ali acknowledged that he "did not act like himself" when he drinks, yet he willingly drank $100 worth of wine before boarding his flight, which only raises concerns about his conduct in this case. As such, the Court should also consider options for alcohol treatment.

      C.      **Seriousness of the Offense, Promoting Respect for the Law, and Providing Just Punishment**

Interfering with flight crew and attendants is undoubtedly a serious offense given the confines of a passenger jet and an out of control passenger like Ali. As such, a sentence at the bottom of the guideline range recognizes the seriousness of the offense, promotes respect for the law for this type of crime, and would provide just punishment given the extent of Ali's conduct on the flight. These factors are necessarily balanced against other factors such as Ali's personal circumstance such that the government would not object to probation.

      D.      **Deterrence and Protection of the Public**

The defendant's offense put his fellow passengers and flight staff at risk because his behavior prevented flight attendants from performing their duties, which included the care and safety of everyone on the flight. Not only did Ali pose a risk to everyone on the flight, he harmed specific victims including a nearby passenger and a flight attendant. Accordingly, a sentence at the bottom of the

guideline range could afford adequate deterrence to the defendant and to other potential violators of laws designed for the flight safety and protect the public from the defendant. And again, the government would not object to a sentence of probation to accomplish the purpose of sentencing.

## CONCLUSION

For the reasons stated above, a sentence at the bottom of the guideline range may be appropriate in this case. However, consistent with the plea agreement, the government does not oppose a sentence of probation.

Respectfully Submitted,

Jerome F. Gorgon Jr.
United States Attorney

*s/Sean L. King*
Sean L. King
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9727
sean.king@usdoj.gov

Dated: January 14, 2026